UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JOHN DOE subscriber assigned IP address 172.9.236.61,<br><br>　　　　　Defendant. | Case No.  24-cv-06062-EMC<br><br>**ORDER GRANTING PLAINTIFF'S *EX PARTE* APPLICATION FOR LEAVE TO SERVE A THIRD-PARTY SUBPOENA PRIOR TO RULE 26(F) CONFERENCE**<br><br>Docket No. 7 |

Plaintiff Strike 3 Holdings, LLC ("Strike 3") has filed a copyright infringement action against Defendant John Doe. Strike 3 alleges that Mr. Doe has infringed 24 of Strike 3's motion pictures using BitTorrent protocol. Docket No. 1 (Complaint) ¶ 4. Currently pending before the Court is Strike 3's *ex parte* application for leave to serve a third-party subpoena prior to a Rule 26(f) conference. Docket No. 7.

## I.　DISCUSSION

The Court has reviewed the application and supporting materials, as well as the complaint. *See, e.g.*, Docket No. 7-1 Ex. A (Declaration of Jorge Arco) ¶¶ 34–36 (testifying that Strive 3 "strives to only file strong cases against extreme infringers . . . only those infringers who engage not only in illegal downloading, but also in large scale unauthorised distribution of our content," "do[es] not seek settlements unless initiated by the defendant or their counsel," "do[es] not send demand letters," and "are careful not to proceed with a case against a defendant unless we feel we have a strong case and a good faith basis"); Docket No. 7-1 Ex. B (Declaration of Patrick Paige) ¶¶ 16–18, 26 (testifying that upon reviewing the PCAP (packet capture), confirming that "the PCAP is evidence of a recorded transaction with IP address 172.9.236.61 on 08/08/2024 15:45:02

1   UTC" that "uploaded a piece or pieces of a file corresponding to hash value
2   AD80D5F3B8D3C2EDCFECDEC4F88BB80A5CA8F385 to VXN Scan"); Docket No. 7-1 Ex. C
3   (Declaration of Susan Stalzer) ¶ 11 (testifying that each infringing file was a copy of one of Strike
4   3's motion pictures that is "identical, strikingly similar, or substantially similar to the original
5   work"); Docket No. 7-1 Ex. D (Declaration of Emilie Kennedy) ¶¶ 4–8 (confirming that the IP
6   address 172.9.236.61 traced to a location in Dublin, California).

7   For reasons similar to those articulated in another Strike 3 case before the Court, *see Strike*
8   *3 Holdings, LLC v. Doe*, No. C-18-05994-EMC (N.D. Cal. Nov. 6, 2018) (Docket No. 10), the
9   Court **GRANTS** the application for what is, in effect, limited early discovery.

10  The Court notes, however, that, although it is permitting limited early discovery, it is not
11  precluding Mr. Doe from filing a 12(b)(6) motion to dismiss nor is it prejudging any such motion.
12  The Court also advises Strike 3 that, upon obtaining the name and address of Mr. Doe, it has a
13  Rule 11 obligation to determine whether to proceed with the lawsuit and, in that regard, it should
14  be mindful of the Ninth Circuit's decision in *Cobbler Nevada, LLC v. Gonzales*, 901 F.3d 1142,
15  1144 (9th Cir. 2018) (stating that "a bare allegation that a defendant is the registered subscriber of
16  an Internet Protocol ('IP') address associated with infringing activity is [in]sufficient to state a
17  claim for direct or contributory infringement").

## II.   CONCLUSION

19  It is hereby **ORDERED** that Plaintiff may immediately serve a Rule 45 subpoena on
20  AT&T Inc. (AT&T Internet) to obtain the true name and address of the Doe Defendant at IP
21  address 172.9.236.61.  A copy of this Order must be attached to the subpoena, and any
22  information disclosed to Plaintiff in response to the subpoena may be used by Plaintiff solely for
23  the purpose of serving Defendant and prosecuting the claims asserted in the complaint.

24  It is further **ORDERED** that AT&T Internet will have 30 days from the date of service
25  upon it to serve the Doe Defendant with a copy of the subpoena and a copy of this Order.

26  It is further **ORDERED** that the Doe Defendant will have 30 days from the date of service
27  upon him of this Order to file any motions contesting the subpoena with this Court.  If that 30-day
28  period lapses without the Doe Defendant contesting the subpoena, AT&T Internet shall produce

the information responsive to the subpoena to Plaintiff within 10 days.

It is further **ORDERED** that Plaintiff shall not publicly disclose any of the Doe Defendant's identifying information until he has had the opportunity to file a motion with this Court for leave to proceed anonymously and that motion is ruled on by the Court. The Doe Defendant will have 30 days from the date of service upon him to file such a motion, and he may file the motion under seal.

This order disposes of Docket No. 7.

**IT IS SO ORDERED**.

Dated: October 28, 2024

_____
EDWARD M. CHEN
United States District Judge